Hi, and may it please the court, my name is Christopher Walker, and I am the court-appointed counsel for the petitioner, Mr. Avila-Canchola. The issue in this case is whether Mr. Avila's failure to return a rental car in 1996 gives rise to an aggravated felony offense. The answer to this question is no, because the government did not fail to demonstrate, clearly and unequivocally, that Mr. Avila pled guilty with a requisite level of criminal intent. There are two independent reasons why this court should grant the petition and order the agency to terminate the removal proceedings against Mr. Avila. First, it is undisputed that the government did not meet its burden under the modified categorical approach in the first removal hearing because it did not submit the plea colloquy transcript. Therefore, this court should not consider, and the agency erred in considering, the plea transcript on remand in the second removal proceeding. Was that issue raised before the BIA? The issue of? Exactly. Whether there should, whether it should have remanded to the IJ to begin with. It was raised, it was clearly raised in the first removal proceeding before the BIA that the central issue was whether the government had met its burden to, without the plea transcript. That was the issue in the first proceeding. But that's a different question from whether the BIA ought to have remanded for the IJ to take additional evidence. I'm not so sure, Your Honor, because in the first proceeding, what the government had asked for was a remand or a stay until the decision in a penuliar came down. It's a different question, too. It's a different question than that the question was raised that Mr. Avila's counsel in the first BIA petition said that it should not be remanded because there was not enough evidence in the record, because the plea transcript was not submitted. That was his argument before the BIA in the first proceeding. But then it was remanded. And then it was remanded. And then Judge Reimer's question becomes important. Did anybody argue to the IJ, or did anybody argue to the BIA after the IJ had had his look at the plea colloquy that they shouldn't be allowed to look at the plea colloquy? I didn't find it in the record. His per se appeal briefed to the BIA the second time around is not a model of clarity. But he did, he did. Counsel at the IJ level. That's correct. His counsel was assigned. Yes. Did his counsel ever object to the IJ about considering? No, Your Honor. His counsel did not object. In fact, I don't think his counsel did much other than stand up and challenge whether it was one year, whether the one-year requirement for the conviction had been met. But before the BIA, he did put the BIA on notice that he was challenging the plea colloquy transcript. It's not a model of clarity, but if you read through what he says, he repeatedly says that the government did not submit enough evidence because they hadn't submitted the plea colloquy transcript. He repeatedly said that the charging documents and the conviction information is not enough. Hadn't submitted enough to the IBA is quite a different argument than you can't look at the plea colloquy at all. Your Honor, it is different. Although I'm not so sure the BIA saw it as different. In footnote 2 of its opinion, it recognized that Mr. Avila's argument was that he hadn't, that the government hadn't submitted the plea colloquy transcript. And then it went forward and said that it was submitted in the second hearing. So I think it's fair to say the BIA was on notice under exhaustion principles that the government, that that was a claim that Mr. Avila was going to raise. You argue that the plea colloquy at all does not show that he was convicted as a CIMT? Sorry, as an aggravated felony? Yes. Aggravated felony, sorry. Yes, Your Honor. Even if this Court were to consider the plea colloquy transcript, it does not prove clearly and unequivocally that he had the criminal intent necessary to be convicted under the general theft definition. He got the car from the loaner when he turned his car in for repairs, didn't bring it back after several weeks or months, was caught at the port of entry. That's what his counsel told by way of clarification. Why isn't that a? You look at what Mr. Avila actually admitted to, which was that he took the car and did not return it on time. That's what he said. I mean, what counsel clarifies or what the judge says, I think this is what is going on. No, no, no. The admission that he made was that I took the car, I lawfully rented the car, as we know, from the facts that are in the record, and I didn't return it. That shows that he was acting as a principal. No, Your Honor. I didn't. It shows that he. Yeah, right. He took the loaner and I didn't return it. But taking a car is not a crime if you're renting it. And failing to return it on time could have been caused by many different things other than a principal. He couldn't have pled guilty. He did not plead guilty as a principal, though. That's the difference. The government has to necessarily prove each element of the crime in here. I'm not going to say other than I did it. He has to plead guilty to the three elements of the crime, which is taking without consent and with a criminal intent to deprive. And he pled guilty to taking. He didn't plead guilty without consent. And he definitely didn't plead guilty as a criminal intent as a principal. It's not clear from the record that that's what he had pled guilty to. And, moreover, that shouldn't be considered. And the government, other than the exhaustion point, the government really doesn't have an argument on why it could introduce the plea transcript after remand. Why isn't that within the sound discretion of the immigration judge unless there are some really tight constraints or clear instructions from the BIA? This is a rule. This is a regulation that this Court has interpreted many times that unless it was not previously available or discoverable, it can't be submitted on remand. There's no budging here. This is a rule the government strictly applies against aliens after they lose. They come back and say, I have this evidence that will prove that I should get asylum. And the government says, no, you had your chance. In fact, here the government had eight years before it even initiated removal proceedings against him. And then another five months before the first hearing, the immigration judge gave him ample opportunity to submit the evidence in the first hearing. In fact, asked, are you going to submit the plea call key transcript? The government closed without submitting it. And that should be the end of the case. Exhaustion principles, when they apply to pro se applicants, need to be liberally construed. And if you read Mr. Avila's brief before the immigration, the Board of Immigration, if it was the second time around, you'll see that he was arguing this, that he was saying that this is not enough. And the agency recognizes and don't to this opinion. Unless there are further questions, I'd like to reserve the rest of my time for rebuttal. Mr. Miles. Good morning, Your Honors. I'm Erica Miles for Attorney General Holder. The government's position is that the agency properly determined under the modified categorical approach that Homeland Security met its burden of demonstrating that Mr. Avila Conchola has been convicted and is removable as an aggravated felon based on his auto theft offense. Contrary to what counsel is asserting, we do not have a properly exhausted claim here with respect to the alleged procedural errors that he's claiming about remand being inappropriate and about the plea colloquy being submitted into the record. Those are procedural due process claims. They were never raised to the IJ in that remanded proceeding. There was never an objection to submission of the plea colloquy. Exhaustion aside, would you concede that it was wrong for the IJ to admit the plea colloquy after the prior proceeding and not presenting it? Absolutely not. The government's position is, apart from our exhaustion argument, there was no wrongdoing here. On remand, we had no final order by the immigration judge anymore. And if you look at his counsel's entire argument is, it must be able to come in, this new evidence, under a motion to reopen regulation. If you look at the motion to reopen regulation before immigration judges, it's 8 CFR 1003.23a. It covers pre-decision, pre-immigration judge decision motions. There is no language in there whatsoever about evidence needing to be previously unavailable. It's simply because we have no final order from an immigration judge anymore. It's whatever the immigration judge deems appropriate and relevant to the proceedings. And this plea colloquy, especially in light of the new case law that came down from the Supreme Court and this Court, was entirely relevant to whether or not he was removable. And we also have the immigration judge's sua sponte authority under the regulations. So we have several regulations permitting the immigration judge admitting this plea colloquy back in remanded proceedings when there is a vacated, no longer final order before the immigration judge. And again, counsel did not object to that submission. Not at all. And there were several hearings before the immigration judge, even in remanded proceedings. And then as you've reviewed the brief on appeal to the board, at no point did he make the argument that it was an impermissible admission of evidence or consideration of evidence. Instead, it appears that he was using his old appellate brief saying that there was no plea colloquy in the record. So it was obviously an erroneous statement right there, and you can't take an erroneous statement and carry that over or somehow roll that into an appropriate due process challenge. And under this Court's case law, procedural due process challenges at the agency level must be exhausted. The board must have an opportunity, if there is an error, to correct it. And this Court has said that many times in Barron. And it had a recent case in Tall where even in the prior proceeding below at the board, a type of due process challenge was raised. But it was not the same one raised to the Ninth Circuit, this Court, in the first instance. And this Court said absolutely not. It needs to be the same challenge. The board needs to have an opportunity to correct any potential errors. And if it has not been given that opportunity, then it has been ‑‑ it has not been properly exhausted and this Court can't consider it. But alternatively, we assert absolutely no error by the agency in remand and in considering that plea colloquy. And ‑‑ You agree, don't you, counsel, that the documents were not unavailable at the time of the first hearing? From what I can see in the record, I'm not sure if they were ‑‑ they existed, clearly. They existed at the time. And Homeland Security did make an indication. If in fact they were not unavailable, or if in fact they were ‑‑ there was a question of fact, whether they were available or not, why shouldn't the government have had to prove they were unavailable in order to get them in? Because that's not what the regulations require. Instead ‑‑ Well, certainly the regulations require that. You're just going on a different group of regulations, which you're suggesting the law has changed. Well, at this point, you can't have the court, the immigration judge, just turning the other cheek to the fact that the proceeding is still ongoing, there's no final order. It's actually a redo, essentially, because the law has changed so significantly in the time that the case first went to the board. We had Duenas Alvarez, and then we had Vidal and Pannulliar, all in that time, which significantly changed the landscape of how to even conduct an analysis as to whether or not this individual was removable. I mean, he went from being not categorically removable to possibly categorically removable, to, again, not categorically removable under a different theory, this accessory after the fact theory, and all in that time that his case was pending. And even in a year's time, the law had changed between Duenas Alvarez and Vidal then coming down from this court. So there was a significant change that you can't have a whole new hearing before an immigration judge who's going to ignore the fact that there is this available evidence, there is no final order, and it absolutely meets the criteria under the immigration regulations for submission of evidence. Because nobody objected that the I.J. had no opportunity to then rule on it and therefore don't have any record to look at? Well, and if you look at the same regulation I'm citing, it states that if there is no objection to a motion to reopen on a pre-decision motion to reopen and for submission of evidence, that is taken as a non-opposition. And there was never an objection to the evidence. So the immigration judge moved forward properly. And, again, it was not raised to the board. So in reality, this claim was not exhausted, and the court shouldn't be looking at these particular arguments. Did the law prior to Duenas Alvarez, Pannullier, Vidal, provide the government less incentive to put the plea colloquy in in the first instance? At the time, it was unsettled because Pannullier had been undecided and the immigration judge undecided. And it was clear that with the lack of the plea colloquy the first time around, he was, under this court's case law as it stood, that was insufficient evidence under the modified categorical approach. But the Supreme Court reversed that case. So it was definitely emerging and changing case law. And by the time everything had continued evolving and changing within analysis of this particular offense, that plea colloquy was obtained, and we had a brand-new hearing before the immigration judge, and it was properly considered. And the fact remains, you've reviewed the record, you've seen the plea colloquy. There's no doubt that he was the principal. He rented the car. He drove it away. He didn't return it. He was found at the border having crossed into Mexico with it. At no point did he claim that anybody else was involved. Plus, it was him, him, him, him. You can't be an accessory after the fact without there being a principal. Who is the principal? So the record is very clear that he was a principal, and under the modified categorical approach, assuming it was appropriate here, he's an aggravated felon. If the Court has no other questions, we ask that the Court dismiss the petition for review. Thank you. To start with the point that somehow the government didn't have an incentive to introduce the evidence at the first hearing, I mean, that's just, that's not, that doesn't restrain any scrutiny. Under PANILI-R, the first PANILI-R, the government had to introduce all the modified categorical evidence at the first hearing. It had eight and a half years to do so. The immigration judge adjourned the first hearing in order for it to do so. It asked specifically, do you have any more evidence? Are you going to submit the plea quality transcript? It never did. It doesn't get a second bite of the apple just because it gets a remand on intervening law. The regulations that are cited by the government don't provide that. In fact, the cases in this 28-J letter, the government concedes by citing the case INRE MD that it does not have the authority to look at evidence on remand unless it would be appropriate in a motion to reopen, which means unless the evidence was material and was not available or could not have been discovered at the former hearing. It seems to me that the argument you have to carry has to focus on exhaustion, however. That's right, Your Honor. And I think another way, and if you look at this Court's presence, which are cited throughout the brief, whether it's Zane or Vizcarra, Ejala, all of those cases show that as long as you raise the issue, and the issue here is whether the government met its burden by submitting the appropriate evidence, it should be exhausted here, especially when you're looking at a brief from a pro se appellant before the Board of Immigration Appeals. To me, that's an entirely different issue from whether the I.J. should have considered the plea call if we were on remand. I think it's never in my wildest dreams if I were sitting in the BIA say, ah, what he really meant to say is having not objected to the I.J. when the plea colloquy was presented is that the I.J. shouldn't have considered it. They definitely thought he was saying something under footnote 2, and they went out of their way to say that the immigration judge properly considered the plea transcript, the charging document and information. So they definitely knew he was trying to say something. I agree with you. His brief is not a model of clarity. I think if you take a step back and you look at the first removal proceeding, that issue was plainly exhaustive. This court could find that the Board of Immigration Appeals erred in the first proceeding by remanding on that factual question. That was fully exhausted before the Board of Immigration Appeals in the first one. That was the issue of the appeal was whether the governor could prevail without the plea transcript. This court could and should, based on that first hearing, both of those decisions were up here for review. We can't seek an interlocutory review of an agency decision. But this court can say that that first hearing, that issue was raised. It was exhausted. And the government has provided no reason to depart from the well-studied rule that you cannot introduce that evidence that was previously available at a hearing on remand. With that, I move I ask that the Court grant the petition and terminate the proceedings. Okay. Thank you, Mr. Walker and counsel. And, again, the Court appreciates your firm's participation in the full panel.
judges: Leighton, Rymer, Smith N. R.